# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re BELLSOUTH CORP. ERISA LITIGATION | Case No. 1:02-cv-2440-JOF |

## ORDER AND FINAL JUDGMENT

This action came on for a final hearing on a proposed settlement (the "Settlement") of this action and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation and Agreement of Settlement dated May 10, 2006 (the "Agreement").

2. The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including the Plans and all Participants with respect to the claims asserted under Section 502(a)(2) of ERISA.

3. The Court hereby approves and confirms the Settlement embodied in the Agreement as being a fair, reasonable, and adequate settlement and compromise of this action, adopts the Agreement as its judgment, and orders that

- 1 -

the Agreement shall be herewith effective, binding, and enforced according to its terms and conditions.

4. The Court determines that the Plaintiffs are asserting, among others, claims on behalf of the Plans and all Participants to recover losses alleged to have occurred as a result of a breach of fiduciary duty pursuant to ERISA § 502(a)(2). Because the Plans cannot assert such claims in their own right, the Plans' Participants are the holders of the Plans' claims, and such claims are brought by Plaintiffs on behalf of the Plans and all Participants against the Defendants under ERISA § 502(a)(2).

5. The Court determines that the Settlement, which includes the Equitable Relief set forth in ¶ 4 of the Agreement, has been negotiated vigorously and at arm's length by the Plaintiffs and their counsel on behalf of the Plans and the Participants and further finds that, at all times, the Plaintiffs have acted independently and that their interests are consistent and not in conflict with the interests of the Plans and the Participants. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

6. The Court finds that the Plans' participation in the Settlement is on terms no less favorable than the Plans' Participants, and that the Plans do not have

any additional claims above and beyond those asserted by the Plaintiffs that are released as a result of the Settlement.

7. The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plans and all Participants.

8. Accordingly, the Court determines that the negotiation and consummation of the Settlement by the Plaintiffs on behalf of the Plans and the Participants do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b).

9. The Court determines that the Notice transmitted to the Participants, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and includes individual notice to all Participants who could be identified through reasonable efforts. Such Notice provides valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Agreement to all persons entitled to such notice, and such Notice has fully satisfied the requirements of Fed. R. Civ. P. 23 & 23.2 and the requirements of due process.

10. The Court hereby approves the maintenance of the Action as a derivative action brought on behalf of and binding upon the Plans and all Participants, pursuant to Section 502(a)(2) of ERISA, and Fed. R. Civ. P. 23 & 23.2 with the Participants defined as follows:

> All participants and beneficiaries of the BellSouth Savings and Security Plan and the BellSouth Retirement Savings Plan as of the date of entry of the Court's Order Preliminarily Approving the Settlement.

11. The Court hereby dismisses the operative Complaints and the Action against the Defendants with prejudice on the merits.

12. The Court hereby awards the Plaintiffs, the Plans and the Participants the relief set forth in the Settlement, including but not limited to the following equitable relief:

> (a) For a period of three years beginning April 1, 2006, BellSouth Corporation will continue to make matching contributions to the Plans.
>
> (b) For a period of three years beginning April 1, 2006, the Financial Performance Percentage used to calculate the match percentage in § 4(2)(a) of the Plans will not be less than 95%.
>
> (c) Plan participants shall have the right to direct matching contributions made to their Plan accounts among the same

alternatives available for Plan participants' own contributions for a period of three years beginning April 1, 2006.

(d) BellSouth Corporation will make matching contributions in cash rather than in employer stock for a period of three years beginning April 1, 2006.

(e) Certain lifestyle funds, life cycle funds or similar type funds will be made available as investment options under the Plans beginning April 1, 2006.

(f) In 2006, the Plans will send materials to all participants that will include information on the importance of diversification and the risks of investing in a non-diversified company stock fund, such as the BellSouth Stock Fund.

(g) If BellSouth is acquired by or merged with another company, the successor company will execute and perform BellSouth's obligations under this Agreement on terms not materially less favorable than those enumerated in subparagraphs (a) through (f) above. Nonetheless, such obligations and terms will apply with respect to any such successor's plans only with respect to individuals who are Participants in the Plans.

(h)    If a Participant does not elect to receive a matching contribution under the Plans, paragraphs (a), (b), (c) and (d) of this Article 4 of this Agreement shall not apply with respect to such Participants.

13.    As of the date of Final Approval of Settlement (as defined in the Agreement), the Plaintiffs, the Plans, and all Participants shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally and forever released, and are forever barred from the prosecution of, any and all Released Claims against any and all of the Released Persons.

14.    All Participants (through any party authorized to sue under 29 U.S.C. § 1132(a)(2)) are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all of the Released Persons.

15.    As of the date of Final Approval of Settlement (as defined in the Agreement), Defendants shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, and are forever barred from the prosecution of, any and all rights for reimbursement of attorneys' fees or costs incurred in connection with the Actions, as well as any other claims

described in Paragraph 10.2 of the Agreement, as against the Plaintiffs, all Participants in the Plans, and Plaintiffs' Counsel.

16. Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED** this ___ day of _____, 2006.

_____
HONORABLE J. OWEN FORRESTER
UNITED STATES DISTRICT JUDGE